Monclova, Apelante, *v.* Rexach, Apelado.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 917.—Resuelto en abril 29, 1913.

Expediente Posesorio — Pruebas — Oposición. — En un expediente posesorio la prueba del promovente debe contraerse al hecho de la posesión por el mismo a nombre propio y no se admitirá otra oposición de parte interesada que la que se contraiga exclusivamente al hecho alegado por el promovente de poseer en nombre propio. Esa oposición a la posesión en nombre propio debe hacerse en el expediente posesorio y en el mismo debe ser estimada o desestimada.

Id.—Oposición—Cuestión de Derecho.—Cualquier oposición en un expediente posesorio que envuelva cuestión de derecho debe ventilarse en el juicio declarativo correspondiente y no puede hacerse por cualquiera, sino por quien sea parte interesada o tenga algún derecho sobre el inmueble de cuya posesión se trata.

Id.—Oposición—Prescripción Adquisitiva del Dominio—Posesión en Concepto de Dueño.—En una demanda por la cual se promueve un juicio declarativo de oposición a un expediente posesorio, fundada en que el opositor ha obtenido el dominio de la finca por prescripción adquisitiva, debe alegarse que la posesión ha sido en concepto de dueño, pues tal posesión es la única que puede servir de título para adquirir el dominio.

Id.—Oposición—Falta de Dominio por Parte del Promovente.—Aun cuando en un juicio declarativo de oposición a un expediente posesorio no se justifique que el demandado y promovente de dicho expediente tenga el dominio sobre el bien inmueble de que se trate, este hecho no es bastante para que se declare que el inmueble pertenece al opositor y demandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Freyre Barbosa.*

Abogado del apelado: *Sr. Antonio Sarmiento.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Habiendo promovido ante la Corte de Distrito de Arecibo Don Agustín Rexach y Dueño, en su carácter de Cura Vicario de Arecibo y como representante de la Ermita de la Monserrate de dicha ciudad, información con arreglo a la Ley Hipotecaria y su reglamento para justificar la posesión de cuatro parcelas de terreno, se opuso Don Juan Monclova a dicha información, estableciendo en la misma corte con fecha 3 de marzo de 1912, demanda declarativa contra Rexach y Dueño, en que alega como hechos fundamentales de su oposición los siguientes:

*Primero.* Que en el mes de diciembre de 1910 adquirió de Doña Dolores López Cruz, obrando ésta por si y en representación de sus menores hijos José Monserrate y Federico Beltrán López, previa la correspondiente autorización judicial, una casa de maderas del país techada de hierro galvanizado, de seis metros cincuenta centímetros de frente por siete metros sesenta centímetros de fondo, enclavada en un solar que poco más o menos tiene la misma superficie, más un martillo de dos metros 30 centímetros de ancho por dos metros 90 centímetros de largo, colindante dicho solar por el Norte con el Hospital de la Monserrate, al Sur con casa de Isidoro Rodríguez, al Este con casa que era de Catalina Córdova, hoy propiedad del Presbítero Don Agustín Rexach, y al Oeste con casa que fué de José Beltrán, hoy de Felipe Serrano.

*Segundo.* Que con posterioridad a esa adquisición cedió en venta al Presbítero Rexach el martillo descrito en el hecho precedente.

*Tercero.* Que el demandante jamás ha satisfecho cantidad alguna por el solar que ocupa la descrita casa, así como tampoco la pagaron los anteriores dueños.

*Cuarto.* Que no obstante la posesión de este solar por sí y por los anteriores dueños durante un espacio de tiempo de más de 30 años sin interrupción alguna, Rexach y Dueño, Cura Vicario de la Iglesia Católica de Arecibo, en representación de la Ermita de la Monserrate, había promovido expe-

diente posesorio afirmando que esa Ermita posee desde hace 75 años por Manda Pía hecha por Calixto Soto, cuatro parcelas de terreno, entre ellas una con cabida de 1,626 metros cuadrados, lindante al Este con la travesía de la Calle Nueva de Arecibo, al Oeste con solar de la Ermita de la Monserrate, al Norte con Plazuela de la Monserrate, y al Sur con la Calle Nueva, dentro de cuya parcela están comprendidos el solar y casa del demandante Monclova.

*Quinto.* Que la Manda Pía a que se refiere Rexach no abarca las cuatro parcelas de terreno cuya posesión trata aquél de justificar.

*Sexto.* Que aunque el solar del demandante estuviese comprendido en dicha Manda Pía, jamás la Ermita de la Monserrate ni sus representantes han estado en posesión de él, y sí lo han estado por más de 30 años, el demandante y los anteriores poseedores, sin pagar canon ni merced alguna, ni reconocer a nadie como su legítimo dueño.

Concluye Monclova con la súplica de que se declare por sentencia no haber lugar a aprobar la información posesoria en cuanto al solar ya descrito, declarando que éste pertenece al demandante a virtud de prescripción extraordinaria con las costas y gastos de la acción, inclusos honorarios de abogado, a cargo del demandado.

El demandado contestó la demanda en la forma siguiente:

Como primera defensa niega de una manera general todos y cada uno de los hechos de la demanda.

Como segunda defensa alega que en representación de la "Ermita de la Monserrate" ha promovido ante la Corte de Distrito de Arecibo un expediente para acreditar a título de dueño, sin título inscribible, la posesión desde hace 75 años por Manda Piadosa de Calixto Soto, de cuatro parcelas de terreno destinadas a solares enclavadas en el Barrio de la Monserrate de Arecibo, sitio conocido por la denominación "El Cerro de la Monserrate," de cuyas cuatro parcelas es exclusiva dueña la Ermita de la Monserrate que las posee, goza y disfruta quieta, pública y pacíficamente, con justo

título, buena fe, y sin interrupción de ninguna especie desde que las adquirió.

Y como tercera defensa establece, que aun suponiendo ciertos los hechos de la oposición, siempre resultaría que si alguna causa de acción hubiera tenido el opositor, hubiera quedado extinguida mediante prescripción en favor de la Ermita de la Monserrate, de acuerdo con el párrafo 1º. de la Orden General de 4 de abril de 1899, artículos 1957, 1960 y 1963 del Código Civil Español y 1840, 1858, 1861 y 1864 del Revisado.

Celebrado el juicio, la corte dictó sentencia en 13 de julio de 1912 por la que declara que la ley y los hechos están a favor del demandado Rexach y Dueño y en su consecuencia absuelve a éste de la demanda y desestima la oposición con las costas al demandante, contra cuya sentencia ha interpuesto la representación de Monclova recurso de apelación para ante esta Corte Suprema.

La representación de la parte apelante después de hacer un examén de todas las pruebas practicadas en el juicio, así testifical como documental, alega como motivos legales del recurso los siguientes:

*Primero.* Que la corte inferior cometió error al dar por probada la existencia de la Manda Piadosa de Calixto Soto, origen del derecho posesorio que reclama el apelado, pues ninguno de los testigos que han declarado hace mención de tal Manda y ésta, de existir, ha debido hacerse constar por el donante en algún documento público o privado que ha debido aportarse al juicio como evidencia.

*Segundo.* Que también erró la corte inferior al afirmar que los terrenos conocidos con el nombre de "El Cerro de la Monserrate" vienen afectos desde lejanos tiempos a la carga eclesiástica del sostenimiento del culto de la Ermita de la Monserrate, conforme a la voluntad del fundador, cuando se ha demostrado por datos históricos que Calixto Soto ni fué fundador de la Ermita, ni dueño del terreno en que se edificó.

*Tercero.* Que además incurrió la corte en error al esta-

blecer que la posesión por cerca de 60 años de los bienes que
constituyen la fundación de una obra pía es título legítimo
para adquirirlos, cuando ni se ha probado la existencia de
esa fundación, ni tampoco la posesión por dicho tiempo de los
terrenos a ella sujetos.

*Cuarto.* Que tratándose como se trata de una Manda Pía
que data de 75 años o sea de 1837, tenía que haberse anotado
en los antiguos libros de la Anotaduría de Hipotecas y tras-
ladado luego a los modernos libros del registro, de confor-
midad con el artículo 397 de la Ley Hipotecaria, sin que se
haya llenado tal formalidad.

*Quinto.* Que la corte cometió error al sostener en favor
de la Iglesia Católica de Arecibo, la posesión de las 4 parcelas
de terreno a que se refiere el expediente posesorio, aceptando
como buena la afirmación hecha por los testigos del deman-
dado, de que los que poseen casas edificadas en las referidas
parcelas pagan una cuota anual a' la Ermita, cuando aquellos
testigos no están acordes en la cuestión de dicha cuota.

*Sexto.* Que además cometió error la corte al aceptar sin
más pruebas que la declaración del demandado, como acto de-
mostrativo de su posesión, el hecho de que la Iglesia Ca-
tólica de Arecibo amenazaba con demandar y demandaba a
los que no querían pagar cuota anual por los terrenos de la
Ermita que ocupaban, no existiendo en los autos prueba docu-
mental de tales demandas.

*Séptimo.* Que es errónea la doctrina de que el pago por
la Iglesia de un año de contribuciones por las parcelas de
terreno de que se trata, le dé carácter de dueña de las mismas.

*Octavo.* Qué por más que la Iglesia Católica afirma estar
en posesión de las cuatro parcelas de terreno desde hace 75
años, no ha demostrado que esté en posesión civil de ellas,
puestos que no ha probado que haya cobrado cantidad alguna
a los ocupantes de esos terrenos.

*Noveno.* Que la corte inferior con infracción del artículo
83 de la Ley de Evidencia, ha desatendido los datos histó-
ricos de la Ermita de la Monserrate, de los que aparece que

el fundador de dicha Ermita no fué Calixto Soto sino Lorenzo González en 1756, y que el sitio para la Ermita fué cedido por el Gobernador y Capitán General de esta Isla por tratarse de terrenos de el Pueblo.

*Décimo.* Que al apelante asiste derecho de propiedad sobre el solar que ocupa su casa, aunque se admita la existencia de la Manda Pía, pues le ampara el artículo 1860 del Código Civil, por haber demostrado suficientemente que ese solar ha estado más de 30 años sin pagar canon alguno a la Iglesia Católica de Arecibo, favoreciendo al demandante para la computación del término de prescripción extraordinaria a su favor el tiempo de posesión de su causante.

De los diez motivos alegados para sostener el recurso, los nueve primeros no merecen nuestra consideración, pues en el presente caso no se discute el derecho del demandado a la posesión que se propone justificar, sino el del apelante demandante a impedir que aquél pruebe dicha posesión en el expediente que tiene iniciado, por creerse con derecho a cierto solar comprendido en una de las cuatro parcelas de terreno a que se refiere la información posesoria promovida por el Cura Vicario de Arecibo, en representación de la Ermita de la Monserrate.

Traigamos a examen los preceptos legales atinentes al caso, que son la regla sexta del artículo 391 de la Ley Hipotecaria, el 392 de la misma ley y el 438 de su reglamento.

La regla sexta del artículo 391 dice así:

"Cualquiera que se crea con derecho a los bienes o parte de ellos cuya inscripción se solicita mediante información de posesión, podrá alegarlo ante el tribunal competente en juicio declarativo. La interposición de esta demanda y su inscripción en el registro suspenderán el curso del expediente de información y la inscripción del mismo si estuviera ya concluído y aprobado."

El artículo 392 dice:

"Siendo suficiente la información practicada en la forma prevenida en el artículo anterior, y no habiendo oposición de parte le-

gítima, o siendo desestimada la que se hubiera hecho, el juzgado aprobará el expediente y mandará extender en el registro la inscripción solicitada, sin perjuicio de tercero de mejor derecho　 *　 *　 *.''

El artículo 438 del reglamento dice:

''En el expediente para acreditar la posesión no se podrá exigir del que lo promueva que presente el título de adquisición de la finca o derecho, ni se admitirá otra oposición de parte interesada que la que se contraiga exclusivamente al hecho de poseer en nombre propio. La cuestión de derecho no podrá ventilarse sino en juicio declarativo　 *　 *　 *.''

Relacionados entre sí los textos legales que dejamos transcritos, tenemos que en la información posesoria, lo que se trata de probar es el hecho de la posesión a nombre propio, como así lo demuestra la regla tercera del artículo 391 ya citado, al establecer que los testigos contraerán sus declaraciones al hecho de poseer los bienes en nombre propio el que promueve el expediente, y lo corrobora el artículo 438 del reglamento al disponer que al promovente de la información no podrá exigirse que presente el título de adquisición de la finca o derecho, ni se admitirá otra oposición de parte interesada que la que se contraiga exclusivamente al hecho de poseer en nombre propio. Esa oposición a la posesión en nombre propio debe hacerse en la información posesoria, y en esa misma información debe ser estimada o desestimada, según el artículo 392 de la Ley Hipotecaria.

Cualquier otra oposición que envuelva cuestión de derecho debe ventilarse en el juicio declarativo correspondiente y no puede hacerse por cualquiera, sino por quien sea parte interesada o tenga algún derecho sobre el bien inmueble de cuya posesión se trata.

Sujetándose a los anteriores principios, el demandante Juan Monclova se ha opuesto en el presente juicio declarativo a la información posesoria promovida por el Presbítero Rexach, invocando en síntesis, como fundamento de la oposición, que es dueño del solar en que está enclavada su casa

por prescripción extraordinaria, o sea por haber poseído dicho solar por más de 30 años.

La única cuestión, pues, a debatir en el presente pleito, es si Monclova ha adquirido el dominio de dicho solar por prescripción extraordinaria y si en virtud de ese derecho es improcedente la información posesoria iniciada por el Presbítero Rexach, sobre terrenos en que está comprendido dicho solar.

Nótase, desde luego, que el demandante Monclova dejó de alegar en su demanda un hecho esencialísimo para completar todos los elementos que ha de reunir la posesión para adquirir título de dominio por prescripción, sea ésta ordinaria o extraordinaria.  Ese hecho es el de que la posesión tenida sobre el solar por el demandante y sus antecesores fué en concepto de dueños, pues sólo la posesión que se adquiere y se disfruta en ese concepto puede servir de título para adquirir el dominio, según el artículo 449 del Código Civil Revisado.  *Sucesores de Lampón* v. *Sucesores de Rivera,* 16 D. P. R., 339.

Y la prueba que sobre tal hecho encontramos en el récord suministrada por el demandante Monclova, lejos de favorecerle le es adversa.

Declara Juan Monclova que la casa y el solar en que radica, son de su propiedad, pues adquirió casa y solar hace dos años de Dolores López Cruz, la cual poseía el solar hacía más de 35 años sin pagar absolutamente nada por su uso a la Ermita de la Monserrate, encontrándose dicho solar enclavado en una de las parcelas de terreno a que se refiere la información posesoria.

Dolores López Cruz dice que vendió a Monclova la casa nada más, pero el solar no; que siempre oyó decir que el solar es del Alto de la Monserrate; que la casa era de Beltrán, su primer marido, quien falleció hace 8 o 9 años, habiéndola ocupado en los siete años anteriores a su fallecimiento; que vivió dicha casa con su esposo siete años y después otros

cuatro; y que nadie les molestó por la posesión del sitio, no habiendo pagado cantidad alguna por arrendamiento o censo.

Natalia Beltrán refiere que la casa era de su hermana Dolores, ya muerta, la cual la fabricó y a los 10 años, cuando se casó, la vendió al hermano de ambas José Beltrán, quien la habitó de 10 a 12 años hasta su muerte, ocurrida hace ocho años; que su hermana Dolores vendió la casa a José Beltrán, la casa nada más, pero no sabe si el solar entró en la venta; que cuando se vende una casa se vende todo, y que no vió persona alguna cobrando por arrendamiento, o censo, o por otra clase de contribuciones, pues lo que hacían era cobrar todos los años, en el mes de agosto, para la fiesta de la Virgen de la Monserrate, dando su hermano José Beltrán, 25 centavos cuando los tenía, y si no, nó.

Esas declaraciones, que son prueba ofrecida por el demandante Monclova, no demuestran que éste y su causante Dolores Cruz López poseyeran el solar en concepto de dueños. Y si alguna duda pudiera resultar sobre el particular, prescindiendo de otros elementos probatorios aportados al juicio por la parte demandada, queda desvanecida por una relación que obra en el récord presentada por Monclova a la Colecturía de rentas de Arecibo, declarando como de su propiedad una casa, la cual según Monclova, está ubicada en un solar que mide 8.80 metros por 7.70 metros de fondo, que se dice ser de la Monserrate y que ha venido pagando hasta la fecha al clero católico $3 anuales.

La Corte de Arecibo, apreciando las pruebas a que acabamos de hacer referencia en combinación con las demás que fueron presentadas por la parte demandada, llegó a la siguiente conclusión:

"La Iglesia Católica por sus Obispos de la Diócesis de Puerto Rico, y por conducto de los Vicarios de la Iglesia Parroquial de Arecibo, ha venido, desde hace largo tiempo, otorgando, a virtud de petición y solicitud escrita del que deseaba construir o edificar sobre los expresados terrenos, el permiso o licencia para fabricar sobre el solar correspondiente; y habiéndose además demostrado, que

los Vicarios que han venido sucediéndose en la Parroquia de Arecibo, han venido dando cumplimiento a la citada carga eclesiástica del culto a la Ermita de la Monserrate, con el canon, renta, merced o cuota caritativa, que han percibido de los dueños de las casas construídas sobre dichos terrenos.''

Y no iremos nosotros contra esa conclusión que resolvió el conflicto, si alguno hubo, entre las pruebas propuestas por ambas partes. No hay motivo alguno para que nos separemos de ella.

Como se ve, no hay prueba del título de dominio por prescripción que invoca Monclova, pues si él y sus causantes no poseyeron en concepto de dueños, falta a la posesión un elemento indispensable para la prescripción. Es inadmisible el décimo y último motivos del recurso.

No habiendo justificado Monclova el derecho que alega sobre el solar ubicado en una de las parcelas de terreno a que se refiere la información posesoria, nada interesa a la resolución del caso si el Cura Vicario de Arecibo tiene o no derecho de dominio sobre el mismo solar y sobre las parcelas de terreno de que se trata. Aunque el demandado no tuviera derecho al dominio del solar cuya posesión trata de acreditar en la información posesoria, la falta de la justificación de ese dominio no sería bastante para que este tribunal declarara que el solar pertenece a Monclova, según éste solicita en su demanda.

Carece de finalidad práctica toda consideración sobre los nueve primeros motivos del recurso, pues aunque la corte inferior hubiera cometido error en sus apreciaciones sobre los derechos que pudieran asistir al Cura Vicario de Arecibo, ese error no sería de influencia en la resolución definitiva del presente caso, en el que el fundamento que verdaderamente la sostiene es la falta de justificación por parte de Juan Monclova, de derecho alguno sobre parte de las parcelas de terreno cuya posesión trata de justificar el Presbítero Rexach.

La sentencia de la corte inferior debe confirmarse sin

prejuzgar los derechos posesorios o de dominio que asistan al Cura Vicario de Arecibo, sobre los terrenos a que se refiere la información posesoria que ha dado origen al presente juicio.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.