LA IGLESIA CATÓLICA, APOSTÓLICA, ROMANA DE PUERTO RICO, ERMITA DE LA MONSERRATE DE ARECIBO, promovente y apelada, *v.* JUAN MONCLOVA MARTÍNEZ, NARCISA RODRÍGUEZ Y BELÉN GUARDIOLA, opositores y apelantes.

No. 4032.—*Visto:* Diciembre 17, 1926.   *Resuelto:* Mayo 23, 1927.

1. EXPEDIENTE POSESORIO—CONVERSIÓN DE LA INSCRIPCIÓN POSESORIA EN INSCRIPCIÓN DE DOMINIO—DERECHO A LA CONVERSIÓN—EN GENERAL.—Cuando la solicitud de conversión cumple con todos los requisitos de la ley, el promovente tiene derecho a que se declare convertida su posesión en dominio si no se hace oposición a ello dentro del término estatutorio o si, habiendo oposición, ésta es improcedente.

2. EXPEDIENTE POSESORIO—CONVERSIÓN DE LA INSCRIPCIÓN POSESORIA EN INSCRIPCIÓN DE DOMINIO—CUESTIONES A CONSIDERAR Y RESOLVER—EN GENERAL. —En un expediente de conversión de posesión en dominio la única cuestión es si durante los diez años posteriores a la inscripción posesoria el solicitante ha continuado en la posesión de la finca o si esa posesión ha sido interrumpida.

3. EXPEDIENTE POSESORIO—CONVERSIÓN DE LA INSCRIPCIÓN POSESORIA EN INSCRIPCIÓN DE DOMINIO—CUESTIONES A CONSIDERAR Y RESOLVER—EN GENERAL. —La cuestión de si unos opositores son los dueños de las fincas y si el expediente posesorio que fué inscrito contiene o no defectos, no son cuestiones propias de los expedientes de conversión de posesión en dominio.

4. EVIDENCIA—PERTINENCIA, MATERIALIDAD Y COMPETENCIA EN GENERAL—HECHOS EN *Issue* Y PERTINENTES A LOS *Issues*—PERTINENCIA DE LA PRUEBA EN GENERAL.—No comete error una corte que niega a una parte el presentar prueba de hechos impertinentes a la cuestión a resolver.

SENTENCIA de *Luis Samalea Iglesias,* J. (Arecibo), declarando con

lugar solicitud sobre conversión de posesión en dominio. *Confirmada.*

*Luis Freire Barbosa,* abogado de los apelantes; *Manuel Tous Soto,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Iglesia Católica, Apostólica, Romana en esta Isla tiene inscrita en el Registro de la Propiedad de Arecibo la posesión de cuatro fincas radicadas en dicha ciudad y después de diez años de la inscripción solicitó de la Corte Municipal de Arecibo que la declarase convertida en dominio. A esa solicitud se opusieron los apelantes, uno de los cuales se opuso sin éxito al expediente posesorio que originó la inscripción que se quiere convertir en dominio; *Monclova v. Rexach,* 19 D.P.R. 428. La Corte de Distrito de Arecibo, en grado de apelación, dictó sentencia declarando la conversión de la posesión en dominio y contra ese fallo interpusieron los opositores este recurso de apelación.

Para que la posesión inscrita pueda convertirse en dominio e inscribirse como tal en el registro de la propiedad requiere la ley que se haga una solicitud en tal sentido a la corte municipal donde radiquen los bienes, con certificación del registrador en que se haga constar que han transcurrido diez años desde la fecha de la inscripción y que no existe en el registro nota que indique que la prescripción ha sido interrumpida, solicitándose en su vista que se anuncie en un periódico del distrito judicial en que radique la corte en que se promueva el expediente o en su defecto en el que designe la corte, la conversión de la inscripción de posesión en dominio, a fin de que los que se consideren perjudicados puedan oponerse en el plazo de quince días contados desde la fecha de la publicación del edicto; y que transcurridos los quince días sin que se hubiese presentado ninguna reclamación el juez municipal hará constar ese hecho, declarará concluso el expediente y dictará resolución final que hará constar la descripción de la finca y demás

requisitos legales y mandará expedir por el secretario copia literal certificada de dicha resolución final, y con tal copia certificada acudirá al registrador dicho solicitante para que verifique la conversión, etc. Ley No. 21 de 7 de julio de 1923, página 217, enmendando el artículo 441 del Reglamento de la Ley Hipotecaria, enmendado por la Ley No. 11 puesta en vigor el 30 de abril de 1921.

[1] El apelado hizo su solicitud de conversión cumpliendo con todos los requisitos de la ley y por esto tenía derecho a que se declarase convertida su posesión en dominio si no se hacía oposición a ella dentro de quince días contados desde la publicación del edicto anunciando la solicitud de conversión o si habiendo oposición ésta fuese improcedente.

[2, 4] Los apelantes en su demanda de oposición a la conversión de posesión en dominio no alegaron como fundamento de ella que la posesión de la apelada haya sido interrumpida después de haber sido inscrita su posesión, sino que ellos son los dueños de las fincas por más de treinta años y defectos del expediente que originó la inscripción posesoria que quiere convertirse en dominio; y los motivos alegados para sostener esta apelación son todos por no haber permitido la corte inferior que presentaran prueba para demostrar los hechos de su demanda de oposición.

En un expediente de conversión de posesión en dominio la única cuestión es si durante los diez años posteriores a la inscripción el solicitante ha continuado en la posesión de las fincas o si esa posesión ha sido interrumpida, interrupción que no se alega por los opositores apelantes. Las cuestiones de si los apelantes son los dueños de las fincas y si el expediente posesorio que fué inscrito contiene o no defectos no son propias de los expedientes de conversión de posesión en dominio y por eso no erró la corte al negarse a que los apelantes presentaran prueba de tales hechos porque eran impertinentes a la cuestión a resolver.

*La sentencia apelada debe ser confirmada.*